# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

CHRIS HIBNER,

    Plaintiff,

v.                                                 Civ. No. 17-1175 MV/GJF

HOME DEPOT U.S.A., INC.,

    Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL

This matter is before the Court upon Plaintiff's Motion to Compel ("Motion") [ECF No. 30], filed on May 31, 2018. After the matter was fully briefed [ECF Nos. 35, 39, 44, 45, and 48], the Court held a hearing on July 16, 2018. For the reasons to follow and those articulated during the hearing, the Court **GRANTS IN PART AND DENIES IN PART** the Motion. In addition, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), the Court **ORDERS** Defendant or its counsel to pay Plaintiff's counsel $1,200.00 in attorney's fees.

### A.    PROCEDURAL HISTORY

The bulk of the discovery skirmish between the parties predates the instant motion.[1] Consistent with the Court's practice to resolve discovery disputes as soon as they arise and in a manner that is less formal than a fully-litigated motion to compel but virtually as reliable, the Court held a telephonic hearing on April 18, 2018. Prior to the hearing, the Court had received extensive electronic mail submissions in which each side set forth its position as to why the Court should either order or deny the contested discovery. The 78-minute hearing that followed concerned a sizable number of Plaintiff's requests for admission, interrogatories, and requests for

---

[1] The Motion to Compel also concerns a dispute between the parties about whether Defendant must send two exemplar pallets to Plaintiff's expert witness. *See* Pl.'s Mot. ¶¶ 4-8, ECF No. 30. As set forth in Defendant's Response and Plaintiff's Reply, that issue has been rendered moot. *See* Def.'s Resp. 11-13, ECF No. 35; Pl.'s Reply 1-2, ECF No. 39. Consequently, the Court will deny the Motion as moot to the extent it relates to the pallet issue.

1

production. Clerk's Minutes 1-3, ECF No. 23. Featuring prominently during that hearing was Interrogatory No. 9 ("INT 9"), which sought certain information about other customers in the last ten years who made claims for injuries allegedly suffered at Home Depot stores that were caused by or involved pallets.

During that April 18 hearing, Plaintiff's counsel agreed to significantly narrow the scope of INT 9. Indeed, he agreed to limit his inquiry only to information stored in a database maintained by or accessible to the General Litigation section of Defendant's corporate counsel office that met these parameters: any claims, including those resulting in lawsuits, made by customers alleging that they were injured by slips, trips, or falls allegedly caused by pallets at Home Depot stores nationwide dating back to the later of April 9, 2005, or the inception of the database. Clerk's Minutes 2. For those claims that ripened into lawsuits, Plaintiff's counsel agreed to accept only the names of the parties to the action, the case caption, and judicial district for each lawsuit. *See* Tr. 38-43, ECF No. 51 ("Tr. No. 1"); Clerk's Minutes 1-2; Def.'s Resp. 1, ECF No. 35. With the interrogatory so narrowed, and armed with information from defense counsel that Defendant's claims database could be accessed to provide this information, the Court ordered Defendant to respond to the new and narrowed scope of INT 9, thereby overruling Defendant's objections as to relevance, overbreadth, undue burdensomeness, and assorted proprietary and privacy concerns. *See* Tr. No. 1 at 38-43; Clerk's Minutes 2.[2]

---

[2] Plaintiff's Request for Production No. 7 ("RFP 7") is the companion discovery request to Interrogatory No. 9, and it asked Defendant to "produce a copy of all documentation regarding any claim(s) made against you or suit filed against you in the ten (10) years preceding the incident, in which a person claimed to have been injured in any way involving a pallet at any of your stores." Def.'s Resp. 6. During the April 18 hearing, the Court sustained Defendant's overbreadth objection to this request, and suggested that Plaintiff propound a narrower RFP *after* reviewing Defendant's response to the narrowed scope of Interrogatory No. 9. Tr. No. 1 at 49-50, ECF No. 51. Because there is no indication in Plaintiff's Motion that he propounded a new RFP to correspond to the narrowed scope of INT 9, the Court's earlier ruling sustaining Defendant's objections as to RFP 7 still stands. Accordingly, the Court will deny the Motion to the extent it relates to RFP 7.

2

## B. MOTION TO COMPEL BRIEFING

Plaintiff asserts in his Motion that, despite the Court overruling Defendant's objections to the narrowed INT 9 during the April 18 hearing, Defendant never did supplement its discovery responses to include information regarding "previous claims and lawsuits nationwide regarding customer injuries dating back to 2007 and pertaining to 'slips, trips, and falls' involving pallets." *See* Pl.'s Mot. 1, ECF No. 30.

In its Response, Defendant ignored altogether what occurred during the April 18 hearing, most especially the substantial narrowing of the scope of INT 9 and the Court overruling Defendant's objections and ordering Defendant to respond. Instead, Defendant relied on the exact same objections it had made leading up to and during the April 18 hearing. *See* Def.'s Resp. at 5-11. In his Reply, Plaintiff highlighted the fact that Defendant's Response did not at all take into account the Court's prior ruling on the narrowed discovery request. *See* Pl.'s Reply 2-4, ECF No. 39. Granted permission to file a surreply, Defendant confessed that it misunderstood the nature of the Court's order on April 18, believing that the hearing consisted of "advisory discussions that took place during the informal telephone conference," and asserting that the Court's order during that hearing did not have a "binding effect" on the parties. Def.'s Surreply 2, ECF No. 49. Defendant's Surreply again labored under its misapprehension that Plaintiff had *not* narrowed the scope of its discovery requests during the hearing on April 18. *See id.* at 3-4.

## C. JULY 16, 2018 HEARING

Although the transcript of the second hearing speaks for itself,[3] the Court will emphasize a few key points. First, the Court accepted defense counsel's apology that Defendant's briefing on the Motion to Compel ignored the April 18 hearing altogether. Tr. 3-4, ECF No. 54 ("Tr. No.

---

[3] In reviewing the transcript [ECF No. 54], the Court noted numerous errata by the transcriptionist. To the extent that any discrepancies between the transcript and the audio-recording of the hearing are important, the Court will cite to the audio-recording.

3

2"). Second, defense counsel contended that he did not understand the Court's April 18 decision to be an *order* of the Court. *Id.* at 17-18. The Court will simply observe that that statement cannot be reconciled with defense counsel's unqualified expression of understanding of the Court's order during the April 18 hearing. *See* Tr. No. 1 at 43:25 ("Mr. Smith: I understand the Court's *ruling*.") (emphasis added). It is enough to say that, given defense counsel's admissions during the hearing about how busy his practice has been in the three months between hearings in this case, and the significant internal reshuffling his law firm has undergone, he has had insufficient time to focus on this case, correspond with opposing counsel, respond to discovery, or comply with the Court's order. The Court is confident that the inattention that has marked the last three months is aberrational and will not be repeated in this case.

During the hearing, defense counsel raised *for the first time* a claim of undue burden with respect to simply consulting the claims database that is maintained by or accessible to Defendant's in-house corporate counsel. *See generally* Tr. No. 2 at 6:25-12:18 (defense counsel discussing limitations and complications of spreadsheet). Defense counsel asserted that his associate spent a considerable period of time with the spreadsheet that was sent by Home Depot to comply with the Court's April 18 order. *Id.* at 7:11-13. But after spending "hours and hours" reviewing the spreadsheet, the associate abandoned the project due to its magnitude. *Id.* As the Court explained during the hearing, Defendant had never raised undue burden as an objection to *searching the database*. *Id.* at 24:14-16. There was no such claim by Defendant at the April 18 hearing, nor was it mentioned in Defendant's Response to the Motion to Compel nor in its Surreply. Furthermore, and importantly, there was no such claim by Bridget Carroll, a Home Depot employee whose affidavit was attached to the Response. *See* ECF No. 35, Ex. A. Indeed, Ms. Carroll swore that "Home Depot can conduct a computer database search for incidents in

each store and the type of incident that was reported to have occurred. This search provides, however, only a short general description of the incident." *Id.* at ¶ 7. Although Ms. Carroll went on to talk about how burdensome a store-to-store search of physical documents in individual claims files would be, the Court has never ordered that. All the Court ordered at the April 18 hearing, which it repeated in the July 16 hearing, is a search *of the database*.

According to defense counsel, the search results from the database are in the form of an Excel spreadsheet that is 201 pages long. Tr. No. 2. at 8:21-22. The Court confirmed that it was possible for Defendant's counsel to simply search the results for the word "pallet." *Id.* at 9:18-25, 10:1-25, 11:1-17. Defendant appeared to argue that reviewing 201 pages of search results to identify claims involving pallets and personal injury due to slips, trips, and falls would be unduly burdensome, but failed to otherwise substantiate that argument. Defendant did not explain how many hours it would take to complete its review of the spreadsheet for claims involving pallets to determine if they referenced slips, trips, or falls. Defendant also did not explain why the hours necessary to complete its review of the search results to identify the claims responsive to the narrowed scope of INT 9 would be disproportionate to the needs of this case.

D. ANALYSIS

Defendant objected on five grounds to INT 9. Def.'s Resp. 2. The first is that the information responsive to the now-narrowed INT 9 is not relevant, even for discovery purposes. *Id.* As explained during the April 18 hearing, the Court disagrees. *See* Tr. No. 1 at 20:23-25, 21:1-3 (Court observing that "it is relevant, at least for discovery purposes, for the plaintiff to discover whether other customers have been injured – allegedly injured in – in sufficiently similar interactions with pallets in other Home Depot stores in the period preceding the interaction that Mr. Hibner alleges he had with the pallet in question."). The Court then limited

5

the scope of the inquiry to claims by customers of injuries caused by slips, trips, or falls allegedly caused by pallets at Home Depot stores. *Id.* at 21:6-21. The Court reasoned then, and repeats today, that this information is relevant for liability purposes because it may tend to demonstrate Defendant's awareness of a dangerous condition inside its stores. *Id.* at 22:3-20. This information is also potentially relevant to Plaintiff's claim for punitive damages because it may permit Plaintiff to argue that Defendant affirmatively chose to continue using pallets to market products on the storeroom floor without regard for their propensity to cause injuries to customers. *Id.* at 22:13-15. Consequently, the Court will again overrule Defendant's relevance objection.

Defendant's second objection is that INT 9 is overbroad. *See* Def.'s Resp. 2. This objection ignores the narrowing done during the April 18 hearing. So narrowed, INT 9 is not overbroad but is reasonably targeted at relevant information. The Court again overrules Defendant's overbreadth objection.

Defendant's third objection is that responding to the now-narrowed INT 9 is unduly burdensome. *Id.* As mentioned *supra* at 4, Defendant waited until the July 16 hearing to object that *searching the database* was itself unduly burdensome. Theretofore, Defendant's undue burden objection had been based on its claim that responding to INT 9 would require an exhaustive and painstaking document review in the claims files of each of its 2,000 stores. *Id.* at 5-6. Because the Court during the April 18 hearing shifted the parties' focus strictly to the claims database [Tr. No. 1 at 42:19-25, 43:1-25], Defendant's undue burden objection should have fallen by the wayside because the Court was not requiring Defendant to do anything else but search the database. For the reasons set forth *supra* at 4-5 and during the hearing, the Court will overrule as inexcusably late Defendant's objection that searching the database and reviewing

the results is unduly burdensome. In addition and alternatively, the Court will find that Defendant has not met its burden of demonstrating with evidence any undue burden associated with searching the database or reviewing the spreadsheet. The Court is far from convinced that completing the spreadsheet review assignment that defense counsel has begun would approach anything like the kind of undue burden that runs afoul of Rule 26. After all, according to Bridget Carroll's affidavit, "Home Depot can conduct a computer database search for incidents in each store and the type of incident that was reported to have occurred. This search provides, however, only a short general description of the incident." ECF No. 35, Ex. A at 3.

Defendant's fourth objection is that "information about disposition of suits and claims is also highly proprietary and subject to confidentiality orders and agreements[.]" Def.'s Resp. 2. This objection was rendered moot by Plaintiff's counsel's decision at the April 18 hearing to forego learning of the disposition of claims and lawsuits. *See* Tr. No. 1 at 43. The Court therefore will deny the objection as moot.

Defendant's final objection to responding to now-narrowed INT 9 is that "an answer would reveal information about employees and customers in violation of their protected privacy interests." Def's Resp. 2. This argument is not further developed in briefing and was not meaningfully discussed during either hearing. In addition, the Court emphasizes that all disclosure in this case is governed by the protective order filed in this case. *See* ECF No. 29. Consequently, the Court overrules this objection as well.

### E.     PAYMENT OF ATTORNEY'S FEES

With the Court having granted the bulk of Plaintiff's Motion to Compel, the Court is constrained by Federal Rule of Civil Procedure Rule 37(a)(5)(A) to require Defendant or its counsel to pay Plaintiff's reasonable expenses incurred in making his Motion, including

attorney's fees. That rule requires the Court first to give defense counsel the opportunity to be heard before awarding fees. At the hearing, the Court invited defense counsel to explain why the Court should not order him to reimburse Plaintiff's counsel for the approximate ten hours he had spent following the April 16 hearing attempting to correspond with defense counsel and otherwise litigating the Motion to Compel. Tr. No. 2 at 33:19-25, 34:1-25, 35:1-25, 36:1. After entertaining argument from defense counsel, which centered solely on whether ten hours was a reasonable estimate by Plaintiff's counsel, *id.* at 35:5-25, the Court reduced the attorney's fees award to $1,200. *Id.* at 36:13-19. The Court also specifically finds and concludes that none of the circumstances set forth in Rule 37(a)(5)(A)(i)-(iii) apply to this Motion.

**IT IS THEREFORE ORDERED:**

A. The Motion to Compel is **GRANTED** to the extent that Defendant shall respond to INT 9 by completely reviewing the spreadsheet referred to by defense counsel during the July 16 hearing and providing a list of all claims, including those that resulted in lawsuits, made by customers at any Home Depot store beginning either April 9, 2005 or the inception of the claims database, whichever starting date is later, up to an including April 9, 2015, alleging injuries resulting from slips, trips, or falls allegedly caused by or involving pallets.

B. For any such claims, Defendant's response shall include the names of the claimants and their associated claims number.

C. For those claims that resulted in lawsuits, Defendant's response shall also include the caption of the cases and the courts in which they were filed.

D. Defendant shall supplement its response to INT 9 no later than **August 16, 2018**.

E. Defendant or its counsel shall pay to Plaintiff's counsel the amount of $1,200.00 as reimbursement for his expenses associated with this Motion no later than **August 16, 2018**.

F. The Motion is **DENIED** in all other respects.

**IT IS SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE